**PIATT, Exr., Plaintiff-Appellee, v. PIATT, Defendant, PIATT, Defendant-Appellee, STATE, DIVISION OF AID FOR THE AGED, Defendant-Appellant, and PIATT, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 700. Decided April 30, 1952.

Spidel, Staley & Hole, Hugh A. Staley, of Counsel, Greenville, for plaintiff-appellee, Carl J. Piatt.

Floyd D. Smith, Greenville, for defendant-appellee, Betty Jean Piatt.

Lewis F. Byers, Columbus, Jerome H. Goubeaux, Greenville, for defendant-appellant, Division of Aid for the Aged.

## OPINION

By MILLER, J:

This is a law appeal by the State of Ohio, Division of Aid for the Aged, from the judgment of the Probate Court. The action was brought by the executor of the estate of Lydia M. Henderson, for the sale of real estate to pay debts. The facts may be epitomized briefly as follows:

Lydia M. Henderson, the decedent, became a recipient of aid for the aged in 1940. Before she received her first warrant she executed a trust mortgage to the Division of Aid for the Aged on her residence property in Greenville, Ohio. In 1948 she became seriously ill, was taken to the Wayne Hospital in Greenville and was later removed by her grandson Carl J. Piatt, at the request of the local subdivision manager of the Aid for the Aged. The Court found that at the time of the grandmother's removal there was an understanding that the Piatts would be compensated, but the amount thereof was never fixed. The decedent in May, 1948, executed a deed conveying the residence property in question to her grandson Carl J. Piatt, which ded had not been recorded up to the time of her death.

Upon the death of Lydia M. Henderson her last will and testament was filed for probate and record. The inventory and appraisement showed that the estate had only one asset, namely, the residence property. Thereupon the executor filed his petition to sell the real estate to pay debts and determine the equities.

The legal issues were raised by the answer and cross-petition of the State of Ohio, the answer and cross-petition of Betty Jean Piatt and the answer and cross-petition of Carl

J. Piatt. It was the contention of the State of Ohio that its mortgage is the first and best lien and that the Piatts have no equity in said property for their services. Carl J. Piatt urged that his deed conveyed a good title and that the Court should cancel the trust mortgage; Betty Jean Piatt contended that she was entitled to compensation for her services performed for the deceased, and that the same constituted a lien upon the real estate.

It is first urged that the Court erred in overruling the motion of the Division to require Carl J. Piatt to elect whether he would proceed under the theory that the decedent died seized of the premises or the theory that the decedent had conveyed the premises to him in her lifetime. An examination of the petition discloses that the petition first alleges that Lydia M. Henderson died seized of certain real estate. It later alleges that on May 13, 1948, she executed a deed to Carl J. Piatt which was not recorded, and that it is necessary that the same be set aside to pay debts. It is claimed that under the latter allegation, if true, that the deceased was not the owner of the real estate at the time of her death and under this theory the action was wrongfully instituted. It is urged that there is a direct conflict between the two allegations and therefore for this reason the plaintiff should be required to elect the theory he desired to stand upon. This motion was overruled, which we think was proper as we do not think the two° allegations are entirely inconsistent. The second allegation seems to question the legality of the deed executed on May 13, 1948, which was not recorded, and which was sought to be set aside in order to pay debts.

It is next urged that the Court erred in assuming jurisdiction in trying the case. The appellant concedes that §10510-2 GC confers jurisdiction upon the Probate Court to entertain actions of executors and administrators to subject property of a deceased person to sale for the purpose of paying the decedent's debts under certain conditions, but it is urged that when the Court found that the real estate was not an asset of the decedent's estate, and that the deed to Carl J. Piatt conveyed good title, that the Court's jurisdiction terminated and the proceeding should have been dismissed. We think the question arising here is whether after determining the title issue there were any other matters properly before the Court. If so, §10501-53 GC, which confers upon the Probate Court plenary power at law and in equity fully to dispose of any matter properly before the Court, would have application and the Court would have jurisdiction to proceed and determine the same. The only issue remaining was whether or not the

state of Ohio had waived its priority existing by virtue of the trust mortgage and released its lien to the extent of the value of the services rendered by Carl J. Piatt and Betty Jean Piatt. The Probate Court is not a court of general jurisdiction but is limited to those powers conferred upon it by §10501-53 GC. The only sections of this statute that could possibly have application would be Sections (3) and (13), both of which authorize the Probate Court to direct and control the conduct of fiduciaries and settle their accounts. Since it clearly appeared that there was no account to settle these sections could confer no power. The matter was therefore not properly before the Court and that part of §10501-53 GC conferring "plenary power" has no application.

In the case of **In re Estate of Dickey, 87 Oh Ap, 255,** this Court said at page 264:

"The Probate Court does not have general equity powers conferred upon it under that section (§10501-53 GC). That section gives the Probate Court, in matters within its jurisdiction, the authority to exercise equity powers in disposing of matters where there is no legal remedy or where the legal remedy is inadequate."

Similar declarations are found in **Abicht v. O'Donnell, 52 Oh Ap 513,** and **Bolles v. The Toledo Trust Co., 136 Oh St 517.**

We hold that the Court should not have proceeded further after finding that the title to the property was in Carl J. Piatt, but should have dismissed the action.

We will now proceed to pass upon the other errors assigned in the event that it should be determined that the Court had jurisdiction to proceed further.

The third error assigned is that the Court should have dismissed Betty Jean Piatt as a party defendant upon motion of the appellant. An examination of the petition discloses that this defendant was merely listed as a creditor for care, nursing and medical expenses in the sum of $1986.50. She then filed a cross-petition in which she alleges that she and her husband, Carl J. Piatt, entered into an arrangement with the State of Ohio, Department of Welfare, Division of Aid for the Aged, whereby in consideration of their services to the deceased the State of Ohio would waive its priority and release its lien and trust deed upon the said real estate to each or either of them; that thereupon the said Lydia M. Henderson executed to said Carl J. Piatt a deed to said real estate which had not been filed for record. The appellant urges that the trial court never found that Betty Jean Piatt acquired a lien on the property and therefore she would be only an unsecured creditor and should have been dismissed. As to the Court's

finding on this question we must examine the journal entry, which provides as follows:

"It is further considered, ordered, adjudged and decreed that at, or approximately, the time of the execution of said deed the defendant, the State of Ohio, Division of Aid for the Aged, Department of Public Welfare, entered into an agreement with the said Carl J. Piatt, whereby if the said Carl J. Piatt should move into the home of said decedent, Lydia M. Henderson, and care for her during the remainder of her life and the said State of Ohio, Department of Welfare, Division of Aid for the Aged would waive the priority of its lien acquired by virtue of the trust deed of Lydia M. Henderson to the Division of Aid recorded in Volume 170, at page 262 of the Mortgage Records of Darke County, Ohio, to the extent of the value of the services so rendered by the said Carl J. Piatt and his wife, Betty Jean Piatt; that the services were rendered by the said Carl J. Piatt and his wife, Betty Jean Piatt, in accordance with said agreement; that the said State of Ohio, Department of Public Welfare, Division of Aid for the Aged has breached its agreement by reason of its refusal to waive the priority of its lien as aforesaid; that the court is without jurisdiction to now determine the value of the services so rendered by the said Carl J. Piatt and his wife, Betty Jean Piatt."

We are in accord with the appellant on the question presented by this assignment and hold that she was not found to be a lienholder on the real estate. She was therefore an unsecured creditor and not a proper party to the land sale proceedings. Sec. 10510-15 GC provides the necessary parties to such an action.

The fourth assignment of error is well made for the reasons given in the third assignment.

It is next claimed by the appellant that the Court erred in finding that it could enter into a contract for the care and support of a recipient. The Court did not make such a finding, but found only that the State of Ohio waived the priority of its lien acquired by virtue of the trust deed of Lydia M. Henderson. Such a waiver is permitted under §1359-6 (E) and (F) GC.

The sixth and seventh assignments of error relate to the finding in favor of Betty Jean Piatt which is well made as we have previously found that she should have been dismissed as a party.

The judgment is reversed and cause ordered remanded with instructions that the action be dismissed.

HORNBECK, PJ, WISEMAN, J, concur.